UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GINGER VLAHOS-SCHMIDT,

    Petitioner,

  v.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.

_____/

No. C 14-5184 NC (PR)

**ORDER TO SHOW CAUSE**

### INTRODUCTION

Ginger Vlahos-Schmidt, a California state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her 2011 conviction from Alameda County Superior Court.[1] Her petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. She has paid the $5.00 filing fee.

### BACKGROUND

In 2011, Petitioner was convicted by a jury of assault with a deadly weapon. She was sentenced to a term of five years. In 2013, the California Court of Appeal affirmed, and the California Supreme Court denied review. In 2014, Petitioner filed unsuccessful state habeas

---

[1] Petitioner has consented to magistrate judge jurisdiction. (Docket No. 7.)

petitions in the California Court of Appeal as well as the California Supreme Court. The instant action was filed on November 10, 2014.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### B. Legal Claims

As grounds for federal habeas relief, Petitioner claims: (1) the trial court improperly restricted her right to testify about prior incidents with the victim in which the victim inflicted violence upon Petitioner; (2) counsel rendered ineffective assistance; (3) the prosecutor committed misconduct; (4) cumulative errors at trial prejudiced Petitioner; and (5) appellate counsel rendered ineffective assistance. When liberally construed, these claims are sufficient to warrant an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk of the Court is directed to serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. Respondent shall file his Magistrate Judge jurisdiction consent form no later than **thirty (30)** days from the filing date of this Order.

2. Respondent is directed to file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent must file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may file, within **ninety (90)** days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner must file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent must file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

IT IS SO ORDERED.

DATED:       March 9, 2015

NATHANAEL M. COUSINS
United States Magistrate