UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINGER VLAHOS-SCHMIDT,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent.<br>_____/ | No. C-14-5184 EMC (pr)<br><br>**ORDER EXTENDING DEADLINES AND FOR PETITIONER TO NAME A PROPER RESPONDENT** |

    Respondent's request for a 7-day extension of time to respond to the petition for writ of habeas corpus is **GRANTED**. (Docket # 13.) Respondent's answer filed on June 15, 2015 is deemed to have been timely filed. On or before **July 24, 2015**, Petitioner must file and serve on Respondent's counsel her traverse.

    Petitioner has not named a proper respondent in her habeas petition. The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of her as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Petitioner must file an amendment to her petition in which she substitutes in a proper respondent. The document can be quite short, e.g., a single sentence stating "I now substitute _____ in as the respondent in this action," and at the blank line should provide the name of the state officer having custody or her, which might be the person in charge of her facility if she is incarcerated or

her parole or probation agent if she is on parole or probation.  Petitioner must file the amendment to substitute in a proper respondent for her petition on or before **July 24, 2015**.  Failure to name a proper respondent will result in the dismissal of this action for lack of jurisdiction.

IT IS SO ORDERED.

Dated: June 23, 2015

_____
EDWARD M. CHEN
United States District Judge

2